# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELVIN HOLLIDAY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1447** |
| **CPAI PROPERTY HOLDING LLC** | **SECTION D** |

### ORDER & REASONS

Before the Court is Defendant CPM Property Holding, LLC's Rule 8, Rule 12(b)(1), and Rule 12(b)(6) Motion to Dismiss (R. Doc. 14). Plaintiff Melvin Holliday has not filed a Response.[1] After careful consideration of Defendant's memorandum, the record, and the applicable law, the Court GRANTS Defendant's Motion.

## I.  FACTUAL BACKGROUND

This case arises out of a landlord-tenant dispute. Plaintiff Melvin Holliday previously resided at 6000 Chef Menteur Highway, Apartment 104, in New Orleans, Louisiana in a building owned by Defendant CPM Property Holding, LLC.[2] Plaintiff alleges that Defendant removed his property from his apartment without his permission while was in the hospital.[3] He also alleges that "they killed my dog."[4] Plaintiff claims damages of $125,000 and punitive damages of $150,000.[5] Plaintiff

---

[1] Responses were due October 25, 2021 and noticed as such in the docket. Pro se Plaintiff was aware of the deadline yet filed no response nor sought any extension of the deadline.
[2] R. Doc. 1. Further, Defendant is erroneously referenced in the case caption as CPAI Property Holding, LLC. Both Plaintiff and Defendant notified the Court of the error in the Defendant's name. *See* R. Doc. 8 and R. Doc. 15.
[3] R. Doc. 1.
[4] *Id.*
[5] *Id.*

asserts this Court has subject matter jurisdiction over this dispute based on the diversity of citizenship between the parties.[6] While Plaintiff asserts that the basis for jurisdiction is diversity of citizenship, Plaintiff also claims that the "moratorium on evictions" poses a federal question.[7] Plaintiff advises that he is a citizen of Louisiana and that the Defendant is also a citizen of Louisiana.

Defendant has filed a Motion to Dismiss under Federal Rule of Civil Procedure 8, Rule 12(b)(1), and Rule 12(b)(6) and argues that Plaintiff has failed to state any valid claims for relief or to establish that this Court has jurisdiction.[8] Specifically, Defendant argues there is no diversity jurisdiction because both parties are citizens of Louisiana and, further, that there is no federal question jurisdiction because courts have held that the Center for Disease Control's ("CDC") Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19 does not present a federal question.[9] Defendant also asserts that Plaintiff was evicted because he stopped paying rent and abandoned his apartment.[10]

## II. LEGAL STANDARD

### A. Rule 12(b)(1) Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[11] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the

---

[6] *Id.*
[7] *Id.*
[8] R. Doc. 14-1.
[9] *Id.*
[10] *Id.*
[11] *See* Fed. R. Civ. P. 12(b)(1).

statutory or constitutional power to adjudicate the case."[12] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."[13] The party asserting jurisdiction carries the burden of proof when facing a Rule 12(b)(1) motion to dismiss.[14] "When grounds for dismissal may exist under both Rule 12(b)(1) and Rule 12(b)(6), the Court should, if necessary, dismiss only under the former without reaching the question of failure to state a claim."[15]

### III. ANALYSIS

Because Defendant has filed a Motion to Dismiss under both Rule 12(b)(1) as well as Rule 12(b)(6), the Court must first evaluate whether it has jurisdiction over the present dispute in accordance with Rule 12(b)(1) before proceeding to analyze Defendant's Rule 12(b)(6) argument.[16]

#### A. Diversity Jurisdiction

Plaintiff alleges that the Court has subject matter jurisdiction over the present dispute.[17] Subject matter jurisdiction exists in two forms: diversity jurisdiction and federal question jurisdiction.[18]

---

[12] *Home Builders Association of Mississippi, Inc., v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998).
[13] *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 668 F.3d 281, 286 (5th Cir. 2012).
[14] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (citing *Ramming V. United States,* 281 F.3d at 161 (5th Cir. 2001)).
[15] *Valdery v. Louisiana Workforce Commission*, No. 15–01547, 2015 WL 5307390 (E.D. La. Sept. 10, 2015).
[16] *See Id.*
[17] *See* R. Doc. 1.
[18] *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013)

The Court first determines whether it has diversity jurisdiction. Federal courts have diversity jurisdiction over civil actions in which the claim asserted is between "citizens of different states" and the amount in controversy exceeds the "sum or value of $75,000, exclusive of interest and costs."[19] "[T]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."[20]

Plaintiff alleges in his petition there is diversity jurisdiction in the present case. However, Plaintiff contends that both he and Defendant are residents of Louisiana.[21] Because it is undisputed that both parties are alleged by Plaintiff to be citizens of the same state (Louisiana), there is no diversity of citizenship as required under 28 U.S.C. § 1332.

Diversity jurisdiction also requires an amount in controversy exceeding $75,000.[22] While the amount in controversy is determined by the allegations in a complaint, the party invoking the court's jurisdiction bears the burden of "alleg[ing] with sufficient particularity the facts creating jurisdiction," and of "support[ing] the allegation" if challenged.[23] "Conclusory allegations are insufficient to establish jurisdiction."[24]

---

[19] 28 U.S.C. § 1332(a)-(a)(1).
[20] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[21] R. Doc. 1.
[22] 28 U.S.C. § 1332.
[23] *See Diefenthal v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287, n.10 (1938)).
[24] *Kushindana v. Blue Center, Inc.*, No. 10-00472, 2010 WL 4977499, at *1 (M.D. La. Oct. 20, 2010) (holding that pro se litigant's conclusory allegations that his claim exceeded $75,000, and demand for a set dollar figure in excess thereof without an explanation of how he arrived at that figure, was insufficient to establish subject matter jurisdiction over his claims) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998)).

Here, Plaintiff claims damages in the amount of $125,000 as well as punitive damages in the amount of $150,000.[25] Plaintiff provides no explanation or calculation whatsoever as to how he arrived at these figures. Plaintiff does not list or describe any of his property or possessions that Defendant allegedly removed from his apartment. Thus, the second requirement for diversity jurisdiction, an amount in controversy exceeding $75,000, also fails. Plaintiff has failed to establish the Court's diversity jurisdiction over the present dispute.

### B. Federal Question Jurisdiction

The Court next looks to whether it has federal question jurisdiction in the present matter. While Plaintiff's petition indicates this Court has diversity jurisdiction over the present dispute, Plaintiff also appears to alternatively plead that this Court has federal question jurisdiction as well because his action arises from the federal government's moratorium on evictions invoked during the COVID-19 pandemic, presumably the CDC's Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19 ("CDC Order").[26]

Federal question jurisdiction requires that a civil action "aris[e] under the Constitution, laws, or treaties of the United States."[27] This Court recently held that evictions are a state law matter, and that the CDC's Order[28] does not provide a basis

---

[25] R. Doc. 1.
[26] *See* R. Doc. 1. The Court notes that Plaintiff does not name the CDC's Order specifically, but rather states "moratorium on evictions" in his Complaint (R. Doc. 1) and then later, in response to an Order to Show Cause (R. Doc. 7) states "President Biden enacted a national moratorium on eviction because of the pandemic."
[27] *See* 28 U.S.C. § 1331.
[28] 85 Fed. Reg. 173 (Sept. 4, 2020).

for federal question jurisdiction.[29] In *Forar v. Avery*, the Court determined "[t]here is no indication in the text of the CDC's Order that it creates a private right of action or otherwise establishes federal jurisdiction over or a right to remove an eviction dispute related to the application of the Agency Order. Moreover, a regulation or other agency action cannot 'conjure up a private cause of action that has not been authorized by Congress.'"[30]

Courts in Texas and California have reached similar conclusions that the CDC's Order does not create a federal question. In *Cholick v. Salvador*, a Southern District of Texas court held there was no federal question jurisdiction over a plaintiff's claims that her landlords did not comply with the requirements of the CDC Order.[31] The court concluded that "[t]hose eviction proceedings have taken place against Cholick in state court; to the extent that she is protected by the order, her claims should have been raised in state court."[32] Similarly, a California court ordered a plaintiff tenant to show cause why his cause of action should not be dismissed because "to the extent plaintiff's claim for injunctive relief pursuant to the CDC Order is better characterized as a defense to the unlawful detainer action, it cannot serve as the basis for subject matter jurisdiction."[33] This Court agrees with that reasoning. Viewed in a light most favorable to Plaintiff, Plaintiff is alleging a wrongful eviction, a matter which is more appropriately addressed in state court. Thus, because

---

[29] *See Forar v. Avery*, No. 20-3273, 2021 WL 3173818, at *2 (E.D. La. May 18, 2021).
[30] *Id.* (citing *Casas v. Am. Airlines, Inc.*, 304 F.3d 517, 520 (5th Cir. 2002)).
[31] No. 1:20-CV-164, 2020 WL 6526351, at *3 (S.D. Tex. Oct. 8, 2020), report and recommendation adopted, No. 1:20-CV-00164, 2020 WL 6504446 (S.D. Tex. Nov. 5, 2020).
[32] *Id.* at *2.
[33] *Wade v. LBC HoldCo*, LLC, No. 220CV10099CASKSX, 2020 WL 7414517, at *2 (C.D. Cal. Nov. 6, 2020)

Plaintiff's complaint does not involve a federal question, this Court does not have federal question jurisdiction over the present dispute. Further, because the Court lacks subject matter jurisdiction under a Rule 12(b)(1) analysis, it does not reach Defendant's arguments under Fed. Rule Civ. Proc. 12(b)(6) and Rule 8.

### C. Leave to Amend

The Court notes that Plaintiff has not requested leave to amend the allegations in his Complaint. While the Court will "freely give leave [to amend] when justice so requires"[34] leave to amend "is by no means automatic."[35] In determining whether to allow leave to amend, the Court considers factors such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance and the futility of amendment."[36] The Court is also cognizant of Plaintiff's pro se status and makes its determination regarding leave to amend with full recognition of that status.

As noted earlier, Plaintiff has failed to respond to Defendant's Motion, much less request leave to amend at any time following the filing of Defendant's Motion to Dismiss. Most importantly, any such amendment would likely be futile. Plaintiff has conceded in his Complaint that diversity jurisdiction does not exist. Thus, this Court would only have subject matter jurisdiction if there was a federal question presented. Plaintiff has failed to provide any evidence that he can plead any facts that would

---

[34] Fed. R. Civ. P. 15(a).
[35] *Halbert v. City of Sherman, Tex.*, 33 F.3d 526, 529 (5th Cir. 1994) (citation omitted).
[36] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).

establish a federal question claim. Viewed in a light most favorable to Plaintiff, Plaintiff's allegations are of a wrongful eviction. Thus, any amendment to his Complaint would be futile. Accordingly, the Court denies Plaintiff leave to amend his Complaint.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's case is dismissed with prejudice.

New Orleans, Louisiana, December 8, 2021.

**WENDY B. VITTER**
**United States District Judge**